**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4753

KIMBERLY B. BENNETT,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-97-23)

Submitted: March 24, 1998

Decided: April 14, 1998

Before MICHAEL and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Michael F. Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kimberly B. Bennett seeks review of her jury conviction for bank robbery, in violation of 18 U.S.C.A. § 2113(a) (West 1994 & Supp. 1997). In 1997, Bennett was named in two separate indictments by a federal grand jury. The first indictment alleged that Bennett robbed First Home Federal Savings & Loan Association on August 21, 1992. The second indictment alleged that Bennett robbed First Union National Bank on December 13, 1996. The jury found Bennett not guilty of the 1992 robbery but guilty of the 1996 robbery. On appeal Bennett argues that the district court was required to instruct the jury that the Government had to disprove the defense of coercion or duress beyond a reasonable doubt, rather than instruct the jury that Bennett had the burden of proving the defense of coercion or duress by a pre-ponderance of the evidence. We affirm.

Bennett admitted that she committed the bank robberies, but con-tended that she was forced to do so by Wesley Harris, her companion of eleven years and the father of her four children. Bennett testified that about nine months prior to the August 1992 robbery, Harris began abusing her repeatedly. Bennett further testified that in July 1992, Harris told her that she would have to rob a bank, and that he would kill her if she did not follow his orders. Succumbing to his threats, Bennett robbed the First Home Federal Savings & Loan Bank. Thereafter, in 1996, claiming that Harris again threatened that he would kill her if she did not comply with his orders, Bennett robbed First Union National Bank.

Bennett contends that the district court erred when it ruled that a defendant charged with violating § 2113(a) must assume the burden of proving the affirmative defense of duress. Bennett argues that because duress negates the element of mens rea the Government must prove the nonexistence of duress to satisfy the requirement that the

2

prosecution prove beyond a reasonable doubt every element of the charged offense. See In re Winship, 397 U.S. 358, 361-62 (1970); see also Smart v. Leeke, 873 F.2d 1558, 1561 (4th Cir. 1989) (in banc).

The district court's ruling that Bennett had the burden of proving her defense is a question of law, and is therefore reviewed de novo. See United States v. Aramony, 88 F.3d 1369, 1383 (4th Cir. 1996) (citing United States v. Fiel, 35 F.3d 997, 1005 (4th Cir. 1994)), cert. denied, 65 U.S.L.W. 3778, 3781 (U.S. May 27, 1997) (No. 96-752). As to the crime itself, the jury was instructed that the defendant could only be found guilty of the offenses charged in the indictments if all the elements of § 2113(a) were proved beyond a reasonable doubt. The jury was also told, however, that it must acquit if it found by a preponderance of the evidence that Bennett acted due to coercion or duress. Thus, under the instruction, a verdict of guilty could not be returned unless the Government proved beyond a reasonable doubt every element of the offense charged. Furthermore, if Bennett estab- lished the elements of duress by a preponderance of the evidence, she would be entitled to acquittal. See Smart, 873 F.2d at 1564. Because prior precedent establishes that it is constitutionally permissible to place the burden of proving duress on the defendant as long as the government bore the ultimate burden of proving all of the elements of the stated crime beyond a reasonable doubt, we find that the court's instruction was proper. See id. at 1565; see also Martin v. Ohio, 480 U.S. 228, 234 (1987).* To the extent that Bennett cites cases to the contrary, we find them to be unpersuasive.

_____

* Bennett argues that intent to intimidate should be implied as the mens rea for the crime. She further claims that because intent is an ele- ment, the Government should have to rebut duress once the defense introduces evidence on this issue. Section 2113(a) provides:

> Whoever, by force and violence, or by intimidation, takes, or
> attempts to take, from the person or presence of another, . . . any
> property or money or any other thing of value belonging to, or
> in the care, custody, control, management, or possession of, any
> bank, credit union, or any savings and loan association . . .
> [s]hall be fined under this title or imprisoned not more than
> twenty years, or both.

Based on a reading of the statute, intent is not an element of the charged offense. See United States v. Woodrup, 86 F.3d 359, 363-64 (4th Cir.), cert. denied, 65 U.S.L.W. 3294 (U.S. Oct. 15, 1996) (No. 96-6025). Con- sequently, the government was not required to prove Bennett had the intent to intimidate her victims.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED